**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:04-cv-6743-LJO-NEW (TAG) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| v. | (Doc. 18) |
| APPROXIMATELY $141,932.00 IN U.S. CURRENCY, | |
| Defendant. | |

Plaintiff United States of America ("Plaintiff") moves this Court for an order compelling claimant Marc Steven Kalish ("Claimant") to answer Plaintiff's Requests for Admissions, or in the Alternative, Interrogatories; and to respond to Plaintiff's Request for Production of Documents. (Doc. 18, 4:4-9). Claimant has allegedly failed to provide responses to such discovery requests, and failed to respond to Plaintiff's instant Motion to compel such discovery. The Court has read and considered the pleadings and makes the following ruling.

**FACTUAL BACKGROUND**

Plaintiff filed this *in rem* civil forfeiture action on December 23, 2004. (Doc. 1). Plaintiff alleges that approximately $141,932.00 in U.S. Currency (the "defendant currency") was seized from Claimant during a vehicle stop in Kings County, California, along with two bags of cannabis, one containing 5.227 grams and the other containing .998 grams, and a storage unit receipt which a later search of the storage unit revealed six books regarding growing and processing marijuana and hashish, and an expired doctor's marijuana letter issued to Claimant, among other items. Plaintiff contends that the seized currency is subject to forfeiture because it constitutes the proceeds of drug

1

trafficking, or was intended to be used in drug trafficking, in accordance with 21 U.S.C. § 841 et seq. and 21 U.S.C. § 881(a)(6).

On February 17, 2005, Claimant an answer to Plaintiff's complaint. (Doc. 8). Claimant claims ownership of the defendant currency, contends that it came from a legitimate source, and denies that the money is subject to forfeiture.

Non-expert discovery cut-off is April 11, 2008, expert discovery cutoff is May 30, 2008, the pretrial conference is set for August 4, 2008, and the trial is set for October 6, 2008. (Court Doc. 17).

On January 29, 2007, and again on March 7, 2007, Plaintiff served Claimant Kalish with discovery requests entitled "Requests For Admissions, or in the Alternative, Interrogatories, to Claimant Mark Steven Kalish" (Doc. 18-3, Exh. A) and "Request for Production of Documents to Claimant Marc Steven Kalish" (Doc. 18-3, Exh. B). (Doc. 18-3, Declaration, 1:25-28). Claimant did not respond to either of these discovery requests, either the first or second time they were served upon him. (Id. at 2:6-8). On April 13, 2007, Plaintiff's counsel sent a meet and confer letter to Claimant's counsel, requesting responses to the discovery that had been propounded to Claimant. (Id. at 2:1-3). On May 10 and 14, 2007, Plaintiff's counsel left telephone messages on Claimant's counsel's voice mail, asking him to call her to discuss the discovery. (Id. at 2:4-5). As of May 31, 2007, the date the instant motion was filed, no responses were provided to any of the above discovery propounded to Claimant. (Id. at 2:6-8). Plaintiff does not seek monetary sanctions, only an order compelling Claimant to respond to the discovery that was propounded to him more than five months ago.

**ANALYSIS & DISCUSSION**

**A.   Discovery overview**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," United States v. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify

2

the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.     Plaintiff's Requests for Admissions and Interrogatories**

1.     Requests for Admissions.

Fed. R. Civ. P. 36(a) addresses requests for admission and provides in pertinent part:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . .
>
> . . . The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney . . . .

Failure to timely respond to requests for admissions results in automatic admission of the matters requested. Fed.R.Civ.P. 36(a).  "No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing." Federal Trade Comm. v. Medicor, LLC., 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) (citing Schwartzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, at ¶¶ 811-812 (2002); see, Cook v. Allstate Insurance Co., 337 F.Supp.2d 1206, 1209-1210 (C.D. Cal. 2004).  "The failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of the case." In re Carney, 258 F.3d 415, 421 (5th Cir. 2001).

///

3

1        2.      Interrogatories.

2        Functions of interrogatories include obtaining evidence, information which may lead to
3 evidence and admissions, and to narrow issues to be tried.  <u>United States v. West Virginia Pulp and</u>
4 <u>Paper Co.</u>, 36 F.R.D. 250, 252 (S.D. N.Y. 1964).  The party answering interrogatories must furnish
5 "such information as is available to the party."  Fed. R. Civ. P. 33(a).  Fed. R. Civ. P. 33(b)(1)
6 requires an interrogatory to be answered "fully in writing under oath, unless it is objected to, in
7 which event the objecting party shall state the reasons for objection and shall answer to the extent
8 the interrogatory is not objectionable."  "The party upon whom the interrogatories have been
9 served shall serve a copy of the answers, and objections if any, within 30 days after the service of
10 the interrogatories."  Fed. R. Civ. P. 33(b)(3).

11        "Parties must provide true, explicit, responsive, complete, and candid answers to
12 interrogatories."  <u>Hansel v. Shell Oil Corp.</u>, 169 F.R.D. 303, 305 (E.D. Pa. 1996).  If a responding
13 party is unable to supply requested information, "the party may not simply refuse to answer, but
14 must state under oath that he is unable to provide the information and 'set forth the efforts he used
15 to obtain the information.'"  <u>Hansel</u>, 169 F.R.D. at 305 (<u>quoting</u> <u>Milner v. National School of</u>
16 <u>Health Tech.</u>, 73 F.R.D. 628, 632 (E.D. Pa. 1977)).  Fed. R. Civ. P. 33 "is to be given a broad and
17 liberal interpretation in the interest of according to the parties the fullest knowledge of the facts and
18 of clarifying and narrowing the issues."  <u>West Virginia Pulp and Paper Co.</u>, 36 F.R.D. at 252.

19        "All grounds for an objection to an interrogatory shall be stated with specificity.  Any
20 ground not stated in a timely objection is waived . . ."  Fed. R. Civ. P. 33(b)(4).  The propounding
21 party may seek an order to compel further responses regarding "an objection to or other failure to
22 answer an interrogatory."  Fed. R. Civ. P. 33(b)(5); <u>see</u>, Fed. R. Civ. P. 37(a)(2).

23        Plaintiff properly served the Requests for Admissions, or in the Alternative, Interrogatories
24 on Claimant on March 7, 2007. (Doc. 18-3, Exh. A, Proof of Service).  The responses to the
25 Requests for Admissions, or in the Alternative, Interrogatories, were therefore due April 9, 2007.
26 Claimant did not respond to the Requests for Admissions, or in the Alternative, Interrogatories, by
27

1  April 9, 2007, or at all.  Consequently, the Court finds that Claimant has failed to comply with his
2  discovery obligations by failing to respond to Requests for Admissions, or in the Alternative,
3  Interrogatories.  In the absence of Claimant's responses, Plaintiff is prejudiced.  (Doc. 18).
4  Plaintiff is entitled to the information that Claimant has failed to provide.  However, the Court
5  notes that Plaintiff has not moved for an order to establish the admissions and instead merely
6  requests the Court to order Claimant to respond to the Requests for Admissions, or in the
7  Alternative, Interrogatories.  Although it appears to the Court that a further order to respond to the
8  Requests for Admissions is unnecessary in light of the self-executing nature of Fed. R. Civ. P.
9  36(a) and Plaintiff's complete failure to respond to such discovery, the Court will grant the relief
10 requested by Plaintiff and will order Claimant to respond to the Requests for Admissions, or in the
11 Alternative, Interrogatories, on or before July 27, 2007.  Moreover, any objections to Plaintiff's
12 discovery requests were waived by Claimant's failure to timely respond.  Fed. R. Civ. P. 33(b)(4);
13 see, Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).
14 Therefore, Claimant Kalish's responses to the Requests for Admissions, or in the Alternative,
15 Interrogatories, shall be made without objection.

16 **C.     Plaintiff's Request for Production of Documents**

17       Fed.R.Civ.P. 34(b) requires a written response to a request for production to "state, with
18 respect to each item or category, that inspection and related activities will be permitted as
19 requested, unless the request is objected to . . . stating the reasons for the objection."  The request
20 is sufficient if the documents or things to be produced are described by item or category with
21 "reasonable particularity" in the request. Id.  A party upon whom the request os served must serve
22 its written response within 30 days after the service of the request.  Id.  A party is obliged to
23 produce all specified relevant and nonprivileged documents or other things which are in its
24 "possession, custody or control."  Fed.R.Civ.P. 34(a); Norman Rockwell Int'l Corp. v. H. Wolfe
25 Iron & Metal Co., 576 F.Supp. 511, 512 (W.D. Pa. 1983).  The propounding party may seek an
26 order for further disclosure regarding "any objection to or other failure to respond to the request or
27

1 any part thereof, or any failure to permit inspection requested." Fed.R.Civ.P. 34(b).  Failure to
2 object to discovery requests in a timely fashion constitutes a waiver of any objection.  See,
3 Richmark Corp. v. Timber Falling Consultants, 959 F.2d at 1473.
4      Plaintiff properly served the Request for Production of Documents on Claimant on March
5 7, 2007.  (Doc. 18-3, Exh. B, Proof of Service).  The responses to the Request for Production of
6 Documents were due April 9, 2007.  Claimant did not respond to the Request for Production of
7 Documents by April 9, 2007, or at all.   Consequently, the Court finds that Claimant has failed to
8 comply with his discovery obligations under Fed. R. Civ. P. 34 by failing to respond to Plaintiff's
9 Request for Production of Documents.  (Doc. 18-3, Exh. B).  In the absence of these responses,
10 Plaintiff is unable to effectively prosecute its claims and thus is prejudiced.  (Doc. 18).  Plaintiff is
11 entitled to the information and documents that Claimant  has failed to provide.  Accordingly, the
12 Court will order that Claimant to respond to the Request for Production of Documents in writing
13 and produce the subject documents no later than July 27, 2007.  Moreover, any objections to the
14 Request for Production of Documents were waived by Claimant's failure to timely respond.
15 Therefore, Claimant's responses to the Request for Production of Documents and his production of
16 the documents,  shall be made without objection.

**ORDER**

18      Based on the foregoing, the Court GRANTS Plaintiff's Motion to Compel Claimant's
19 Responses to Plaintiff's Requests for Admissions, or in the Alternative, Interrogatories, and
20 Request for Production of Documents, as follows:
21      1.     The Motion to Compel Responses to Plaintiff's Requests for Admissions, or
22      in the Alternative, Interrogatories, and Request for Production of
23      Documents, is GRANTED (Court Doc. 18);
24      2.     Claimant Marc Steven Kalish is ordered to serve responses to Plaintiff's
25      Requests for Admissions, or in the Alternative, Interrogatories, without
26      objections, on or before July 27, 2007; and
27

1       3.      Claimant Marc Steven Kalish is further ordered to serve responses to Plaintiff's Request for Production of Documents, and to produce all documents in response to the Request for Production of Documents, on or before July 27, 2007.

**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING, WITHOUT LIMITATION, MONETARY SANCTIONS, AND/OR A RECOMMENDATION THAT ISSUE OR TERMINATING SANCTIONS BE IMPOSED AGAINST CLAIMANT MARC STEVEN KALISH.**

IT IS SO ORDERED.

Dated:   **July 10, 2007**                                         **/s/ Theresa A. Goldner**
                                                                                           UNITED STATES MAGISTRATE JUDGE