# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>APPROXIMATELY $141,932.00 IN U.S. CURRENCY,<br><br>　　　　Defendant,<br><br>MARC STEVEN KALISH,<br>LIVING TREE COMPANY, INC.,<br><br>　　　　Claimants. | Case No.  1:04-cv-6743-LJO-TAG<br><br>SUA SPONTE ORDER REOPENING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST CLAIMANT<br>(Doc. 22)<br><br>ORDER DIRECTING PARTIES TO FURTHER BRIEF THE MOTION AS TO WHETHER A PARTIAL JUDGMENT CAN BE ENTERED IN AN IN REM CIVIL FORFEITURE ACTION |

　　　　Plaintiff, United States of America ("Plaintiff"), filed this in rem civil forfeiture action, pursuant to 21 U.S.C. § 881(a)(6), on December 23, 2004.[1]  (Doc. 1).  This matter was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.  On January 28, 2005, Marc Steven Kalish ("Claimant"), through counsel, filed a notice of claim, and on February 17, 2005, he filed a verified answer to Plaintiff's complaint.  (Docs. 6, 8).  On May 31, 2007, Plaintiff moved this Court to compel Claimant to respond to its discovery requests, pursuant to which an order to compel was entered on July 16, 2007.  (Docs. 18, 21).

　　　　On August 23, 2007, Plaintiff filed a motion requesting that this Court enter a default

---

[1] Title 21 U.S.C. § 881(a)6) provides for the forfeiture of money that (a) is furnished or intended to be furnished in exchange for a controlled substance, (b) constitutes proceeds traceable to such an exchange, or (c) that is used to facilitate a violation of the the laws governing controlled substances.

1

1  judgment against Claimant[2] only, under Federal Rule of Civil Procedure 37(b)(2)(C) and Local

2  Rule 11-110, based on his failure to comply with the Court's July 17, 2007, order compelling him

3  to respond to Plaintiff's discovery requests (Doc. 21).  (Doc. 22).  The motion does not specify

4  whether Plaintiff requests entry of Claimant's default, instead of a default judgment, does not

5  request an in rem forfeiture judgment, and does not address compliance with the Supplemental

6  Rules for Certain Admiralty and Maritime Claims. The Court took the motion under submission.

7  (See Entry 26).

8         Upon further review of the motion and supporting documents, the undersigned, sua sponte,

9  REOPENS Plaintiff's Motion for Default Judgment (Doc. 22) for further briefing on the following:

10         1. Whether it is appropriate to enter Claimant's default,  instead of a default judgment

11  against Claimant;

12         2. Whether a piecemeal judgment can be entered in an in rem civil forfeiture action, i.e.,

13  whether there is any legal authority allowing a district court to enter a default judgment against an

14  individual claimant without also entering an in rem judgment in the same order; and

15         3. The legal procedure to cause an in rem forfeiture judgment to be issued in a civil

16  forfeiture action after a default judgment has been issued against a claimant, i.e., whether to do so

17  will require subsequent motions for an in rem forfeiture judgment and for an amended judgment.

18         Plaintiff and Claimant are DIRECTED to file their respective briefs within ten (10) court

19  days of the date of this order.

20

21  IT IS SO ORDERED.

22  Dated:   **October 31, 2007**                             **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE
23

24

---

25      [2] Kalish filed the only notice of claim to the defendant rem.  (Doc. 6).  In his verified answer to the
    complaint, however, Kalish adds his business – Living Tree Company, Inc. – as a claimant.  (Doc. 8).  In this
26  document, "Claimant" and "Claimants" will be used interchangeably to include both Kalish and Living Tree
    Company, Inc.
27