1
2
3
4

**IN THE UNITED STATES DISTRICT COURT**

5

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

6
7

| UNITED STATES OF AMERICA, | Case No. 1:04-cv-6743 LJO TAG |
|---|---|

8

Plaintiff,

FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTIONS TO

9

v.

STRIKE AND ENTER DEFAULT JUDGMENT

10

APPROXIMATELY $141,932.00
IN U.S. CURRENCY,

11

(Docs. 22, 32)

Defendant.

12

/

13

## INTRODUCTION

14        This is a civil forfeiture action against currency seized as a result of a traffic stop on Interstate

15  5.  Plaintiff  United States of America has two motions pending before the Court.  The first  seeks an

16  order striking an answer filed by Marc Steven Kalish ("Claimant Kalish") and entering a default

17  judgment against him, for discovery violations.  (Doc. 22).  The second seeks an order striking  an

18  answer filed by Living Tree Company, Inc. ("Living Tree Company") and entering a default judgment

19  against it, for failing to file a claim.  Both motions also request an *in rem* judgment.  These matters were

20  referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

21  The Court  has read and considered the pleadings and the arguments presented, and issues the following

22  Findings and Recommendations.

23

## FACTUAL BACKGROUND[1]

24        On December 23, 2004, Plaintiff filed a verified complaint for forfeiture in rem alleging that

25  approximately $141,932.00 in United States currency (the "Defendant currency") was seized from

26

27  _____
[1]The background recitation is derived from Plaintiff's  motions, the verified complaint, and this Court's  file.

28

1

Claimant Kalish during a vehicle stop in Kings County, California, along with two bags of marijuana, one containing 5.227 grams and the other containing .998 grams. (Doc. 1, ¶¶ 3, 5). During the search of Claimant Kalish's vehicle, law enforcement officers also seized pay-owe sheets, a handgun, ammunition, an expired Cannabis Club card, an expired doctor's marijuana letter issued to Kalish, a valid doctor's letter issued to Tara Stevens, and a storage unit receipt, which unit contained, inter alia, books about growing and processing marijuana and hashish. (Doc. 1, ¶ 5). Plaintiff contends that the Defendant currency is subject to forfeiture because it constitutes the proceeds of drug trafficking, or was intended to be used in drug trafficking, in accordance with 21 U.S.C. § 841 et seq. and 21 U.S.C. § 881(a)(6).

On January 28, 2005, Claimant Kalish filed a notice of claim to the Defendant currency. (Doc. 6). On February 17, 2005, Claimant Kalish, through counsel, filed an answer on behalf of himself and Living Tree Company, identifying the latter as a second claimant to the Defendant currency. (Doc. 8). In the answer, Claimant Kalish and Living Tree Company claimed ownership of the defendant currency, contending that it came from a legitimate source, and denied that the money was subject to forfeiture.

On May 31, 2007, Plaintiff filed a motion to compel Claimant Kalish to respond to its "Request for Admissions, or, in the Alternative, Interrogatories, [and] Request for Production of Documents," which discovery requests were served on Claimant Kalish via certified mail in both January and March, 2007 (Doc. 18; Doc. 22-3, Attach. C, D, E, F). On July 10, 2007, the Magistrate Judge issued an order granting the motion to compel. (Doc. 21). The Court found that Claimant Kalish waived his right to object to the discovery requests, and directed him to provide complete discovery responses by July 27, 2007. (Id.).

On August 8, 2007, Plaintiff filed a motion to strike Claimant's Kalish's answer and to enter a default judgment against him, or in the alternative, motion to dismiss. (Doc. 22). Plaintiff seeks relief because Kalish failed to respond to Plaintiff's discovery requests or to comply with the Court's July 10, 2007 order. (Docs. 21, 22).

2

On November 21, 2007, Plaintiff requested  the Clerk of Court to enter a default against Living Tree Company, pursuant to Fed.R.Civ.P. 55(a), on the grounds that Living Tree Company failed to file a claim in this action despite notice of this action, and that entry of default was otherwise proper. (Doc. 31).   On November 27, 2007, Plaintiff filed a motion to strike Living Tree Company's answer and to enter a default judgment against it.   (Doc. 32).  On November 30, 2007, the Clerk of Court entered Living Tree Company's default.  (Doc. 33).

 The Court will address Plaintiff's motions in the following order: (1) motion to strike Living Tree Company's answer; (2) motion to strike Claimant Kalish's  answer; and (3) requests to render default judgments against Claimant Kalish and Living Tree Company and for an *in rem* judgment.

## DISCUSSION

**A.  Motion to strike Living Tree Company's answer.**

**1. Legal standards.**

Plaintiff contends that Living Tree Company's answer should be stricken and its  default judgment rendered because Living Tree Company failed to file a claim in this action, pursuant to Rule (G)(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supp.R."). (Doc. 32).

This is an *in rem* action arising from a federal forfeiture statute, and as such, it is governed by the Supplemental Rules and the Federal Rules of Civil Procedure. See Supp. R G(1). In a civil forfeiture action, a person who claims an interest in or right against the defendant property must file a verified claim within 30 days after the earlier of the date of service of the complaint or the completion of the publication notice. Supp.R. G(5)(a).  The claim must identify the specific property claimed, identify the claimaint and state the claimant's interest in the property.  Supp.R. G(5)(a)(i). The claim must also be signed by the claimant under penalty of perjury and duly served on the government's  attorney.  Id.  The claim must also be timely filed in the forfeiture action, and followed by the filing  of a timely answer or motion under Rule 12 of the Federal Rules of Civil Procedure.  Supp.R. G(5)(a)(ii), (b).

3

A claimant in a civil forfeiture action must establish standing in the action.  United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989).  If a person fails to file a claim, he or she will have no standing as a party to the action.  See United States v. Real Property, 135 F.3d 1312, 1316-1317 (9th Cir. 1998) (citations omitted).  The reason for the rule requiring a claim to be filed is two-fold: it establishes standing and deters false claims.   United States v. $125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004).  The filing of a claim is not a mere technicality; it is a perquisite to a person's right to contest the forfeiture action.  United States v. $487,825.00, 484 F. 3d 662, 665 (3d Cir. 2007); see United States v. Real Property, 136 F.2d at 1317.

Supplemental Rule G(8)(c) provides that "[a]t any time before trial, the government may move to strike a claim or answer; (A) for failing to comply with Rule G(5)."  In other words, the government can move to strike an answer where a person failed to file a claim.  An order striking the pleadings is appropriate where a person fails to file a claim in accordance with the applicable rules.  United States v. $38,570 U.S. Currency, 950 F. 2d 1108, 1112-1115 (5th Cir. 1992)(answer was properly stricken where claimant file an untimely claim); United States v. $50,200.00 in U.S. Currency, 76 F.Supp.2d 1247, 1253 (D. Wyo. 1999)(motion to strike granted where claimant failed to file a timely claim).

**2.  Analysis.**

In support of the instant motion, Plaintiff filed the declaration of Assistant United States Attorney Stephanie Hamilton Borchers.  (Doc. 32-2).  AUSA Borchers declares that on January 5, 2005, Living Tree Company was served with a copy of the verified complaint, warrant and summons for arrest of articles in rem, court notices, and a letter dated December 30, 2004.  (Doc. 32-2, ¶ 2, Exh. A).  Exhibit A to the declaration reflects that the referenced letter was addressed to Claimant Kalish and Living Tree Company, and correctly notified them both of the filing of this action and the claim filing requirements.  AUSA Borchers also declares that on January 28, 2005, Claimant Kalish filed a claim, in pro per, as to the defendant currency (Doc. 6), and on February 17, 2005, he answered the complaint for himself and on behalf of Living Tree Company, through an attorney

4

(Doc. 8).  (Doc. 32-2, ¶ 3).  AUSA Borchers further declares that "[n]o claim,  statement of interest or other appearance by the Living Tree  Company was filed or received on behalf of Living Tree Company, Inc." and that "[t]o date I have not received any response from Living Tree Company, Inc. or any counsel requesting an extension to file a Verified Claim or Statement of Interest on its behalf."  (Doc. 32-2, ¶¶ 5, 6).  The Court docket in this action reflects that no claim or statement of interest was filed by or on behalf of Living Tree Company.  <u>See</u> docket, generally.

Based on the foregoing, the Court finds that Plaintiff has established that in initiating and carrying this action forward, Plaintiff gave the required notice triggering Living Tree Company's obligation to file a claim,  and that Living Tree Company failed to file a claim as required by the Supplemental Rules.  The Court also finds that the Clerk of Court properly entered the default of Living Tree Company in accordance with Fed.R. Civ. P. 55.

There is no evidence of mitigating factors to justify Living Tree Company's failure to file a claim,  and no evidence of any good faith attempt to file a claim by or on Living Tree Company's behalf.  There is no evidence of misinformation from a government agency regarding the filing of a claim in this action, and no evidence that Living Tree Company expended considerable resources to prepare the case for trial.  The Court concludes that the policies favoring timely disposition of cases, judicial economy, and finality of judgments supports the requirement of strict compliance with the Supplemental Rules in this action.

Living Tree Company failed to file a claim.  Living Tree Company lacks standing in this action and its answer should be stricken pursuant to pursuant to Supp.R. (G)(8)(c).

**B. Motion to strike Clamant Kalish's answer.**

**1. Legal standards.**

Plaintiff contends that Claimant Kalish's answer should be stricken and a default judgment entered against him because he failed to respond to discovery and failed to comply with the Court's July 10, 2007, order compelling him to do so no later than July 27, 2007 (Doc. 21), pursuant to Fed.R.Civ.P. 37(b)(2)(C) and Local Rule 11-110.  (Doc. 22).

Federal Rule of Civil Procedure 37(b)(2)(A) provides that sanctions may be imposed on a party that fails to obey a court order to provide or permit discovery, which sanctions may include, inter alia, "striking pleadings in whole or in part."  Similarly, this Court's Local Rules state that a party's failure to comply with a Court order "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 11-110.  Striking a party's pleadings as a discovery sanction is warranted where the party has demonstrated a blatant disregard of the court's orders and the discovery rules. Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999); United States v. Kahaluu Const. Co., Inc., 857 F.2d 600, 602 (9th Cir. 1998).

## 2. Analysis.

In support of this motion, Plaintiff filed the declaration of Assistant United States Attorney Stephanie Hamilton Borchers.  (Doc. 22-3). AUSA Borchers declares that, as of August 23, 2007, Claimant Kalish had not responded to Plaintiff's discovery requests or contacted Plaintiff.  (Doc. 22-3, Decl., ¶¶ 11-13).   Moreover, AUSA Borchers declares that she believes that Claimant's attorney "wilfully failed to obey this Court's orders and that Claimant is no longer in contact with his attorney or no longer desires to pursue his claims."  (Id. at ¶ 13).  AUSA Borchers adds that Plaintiff is not interested in monetary sanctions, but only in striking Claimant Kalish's claim and having default judgment entered in Plaintiff's favor.  (Id. at ¶ 14).

In the instant case, Claimant Kalish has continually refused to respond to Plaintiff's discovery requests, even after this Court issued an order compelling Kalish to provide the discovery. (Doc. 21).  (See Doc. 22-3, Decl. and Exhibits).  Further, Claimant Kalish not only has failed to answer Plaintiff's discovery requests, but also has failed to respond to Plaintiff's motion to compel or its instant motion to strike and enter a default judgment.  (See Docs. 20, 25).  Under these circumstances, the Court concludes that Claimant Kalish has willfully violated the Court's July 10, 2007 order, and demonstrated a blatant disregard of the court's order and the discovery rules.  Accordingly, Claimant Kalish's answer to the complaint should be stricken.

1

2

### C.  Requests to enter default judgment.

### 1.  Default judgment.

Plaintiff  seeks a default judgment against the interests of Claimant Kalish and Living Tree Company in the Defendant currency and a final forfeiture vesting all right, title, and interest in Plaintiff.  The Supplemental Rules do not include a default judgment procedure for forfeiture actions *in rem*.  In the absence of a Supplemental Rules procedure, the Court may apply the default procedure in Fed. R. Civ. P. 55.

Rule 55 of the Federal Rules of Civil Procedure requires an entry of default, and once a party's default has been entered, the Court has considerable leeway as to what it may require as a prerequisite to entry of the default judgment.  A default generally bars the defaulting party from disputing the facts alleged in the complaint, but the party may argue that the facts as alleged do not state a claim.  Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 )9th Cir. 1988). "The general rule of law is that upon default the actual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citation omitted); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915-918 (9th Cir. 1987).

### 2.  Notice - legal standards.

The Due Process Clause of the Fifth Amendment provides that the Government must give notice and an opportunity to be heard before it can deprive an individual of his or her property interests.  United States v. James Daniel Good Real Property, 510 U.S. 43, 48, 114 S.Ct. 492 (1993). Notice of this action is governed by the Supplemental Rules, which in this instance, provides for court-ordered publication in a newspaper of general circulation in the district where the action is filed.  Supp.R.(4).  Notice of the action must be given within a reasonable time after filing the complaint or as ordered by the court. Supp. R. G(4)(a)(i).  Unless the court orders otherwise, the content of the notice must comply with Supp. R. G(4)(a)(ii)(describe the property with sufficient particularity, state the times to file a claim and answer, and name the government attorney to be

7

served with the claim and answer), and the publication must occur with the frequency and by the means prescribed by Supp. R. G(4)(a)(iii) and (iv).  The government must also send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant and by  means reasonably calculated to reach the potential claimant.  Supp. R. G(4)(b).  A potential claimant who has actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.  Supp. R. G(4)(b)(v).

Local Rule A-540(a) requires that a party seeking a default judgment in an action *in rem* shall show to satisfaction of the court that due notice of the action and arrest of the property has been given by publication pursuant to Local Rule A-530, and by personal service on the person having custody of the property or the person having custody prior to its possession by a law enforcement agency or officer, and by personal service or by certified mail, return receipt requested , to every other person who has not appeared in the action and is known to have an interest in the property.

The government is also obligated to provide additional notice when it knows the identity and whereabouts of the property owners.  See U.S. v. Real Property, 135 F.3d at 1315.  In those instances, the government is required to provide actual notice by means that are "reasonably calculated under all of the circumstances" to apprise the owner of the pendency of the forfeiture.  Dusenbery v. United States, 534 U.S. 161, 168, 122 S.Ct.  694 (2002).

**3.  Notice - analysis.**

In this case, the relevant returns and documents reflects that after the complaint was filed on December 23, 2004, and a warrant and summons for arrest of articles *in rem* for the Defendant currency was issued on December 24, 2004.  (Docs.1, 4).  The warrant and summons was executed as to the Defendant currency on January 3, 2005.  (Doc. 4).  On or about September 24, 2004, the DEA received an administrative forfeiture claim from Claimant Kalish through his attorney, stating that he was claiming the defendant currency as president of, and on behalf of Living Tree Company,

8

Inc., its shareholders, and creditors.[2] (Doc. 1, ¶ 5). Notice of this action, containing all of the information required by Supp.R. G(4)(a)(ii) was given to Living Tree Company and Claimant Kalish as known potential claimants on or about December 30, 2004, when a copy of the complaint, application and order for publication, court notices, and a letter dated December 30, 2004 were sent to Claimant Kalish and Living Tree Company by certified mail. (Doc. 31-2, ¶ 5, Exh. A). The certified mail receipt (Doc. 31-2, Exh. A) reflects that the documents were accepted for delivery by Tara Stevens on January 5, 2005.

On January 10, 2005, Attorney William G. Panzer, who appeared in this action as counsel for Claimant Kalish and Living Tree Company, was personally served with the complaint, application and order for publication, warrant of arrest, court notices, and letter dated December 30, 2004. (Doc. 5). On January 28, 2005, Claimant Kalish filed a claim, in pro per, as to the defendant currency (Doc. 6), and on February 17, 2005, Kalish answered the complaint for himself and on behalf of Living Tree Company, through an attorney (Doc. 8). The Court has considered the content and manner of notice given to Claimant Kalish and Living Tree Company, and finds that it satisfied the requirements of Supp. R. G(4)(b) and 18 U.S.C. § 983(a)(4)(A) and (B).

Notice of this action and the arrest of the defendant currency was also published. On January 3, 2005, Plaintiff applied for and received, an order for publication. (Doc. 3). In accordance with the order for publication, notice of this action and the arrest of the defendant currency was published in The Business Journal, a newspaper of general circulation in Fresno County. (Doc. 7). The Court has considered the content, manner, and place of publication, and finds that publication in a manner consistent with the publication order was made on January 28, 2005, and proof of publication was filed on February 14, 2005. (Docs.3, 7).

Based on the foregoing, the Court finds that Plaintiff has given proper notice of this action.

---

[2] The complaint alleges that Living Tree Company was incorporated on April 12, 1995, its corporate status was suspended on February 1, 2000, and its corporate status was reported as "inactive-suspended" when the complaint was filed. (Doc. 1, ¶ 5).

9

1

2

### 4. Sufficiency of the complaint.

Title 21 U.S.C. Section 881(a)(6) provides that seized currency is subject to forfeiture if it was furnished or intended to be furnished in exchange for a controlled substance, is traceable to such an exchange, or was used or intended to be used to facilitate any violation of the laws governing controlled substances. United States v. United States Currency, $ 30,600.00, 39 F.3d 1039, 1041 (9th Cir. 1994). Any such property may be seized by the Attorney General in the manner set forth in 18 U.S.C. § 981(b). Section 981(b)(2) provides that the property subject to forfeiture shall be seized upon process issued pursuant to the Supplemental Rules by any district court having jurisdiction over the property, or by other specified means. The burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); see United States v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1193 (9th Cir. 2004).

Here, the complaint alleges that the Defendant currency was seized on June 23, 2004, in the Eastern District of California by the Fresno County Sheriff's Department Narcotics Enforcement Team, after a search of Claimant Kalish's vehicle and person following a California Highway Patrol ("CHP") traffic stop on Interstate 5. (Doc. 1, ¶¶ 3-5). On or about July 22, 2004, the Defendant currency was adopted for forfeiture by the United States Drug Enforcement Administration upon the theory that it constituted the proceeds of drug trafficking, or was intended to be used in drug trafficking, and is thus subject to forfeiture pursuant to 21 U.S.C. § 881 (a)(6). (Id.). More than $140,00.00 in cash was found in two brown paper bags inside a duffel bag in Claimant Kalish's vehicle, with no explanation, as well as pay-owe sheets with names and monetary amounts, a small amount of marijuana, and a Glock 23 .40 caliber handgun with two magazines. Doc. 1, ¶ 5). The two brown bags with the currency were folder at the top with rubber bands placed around the bags. (Id. ). The CHP officer who made the traffic stop detected a strong odor of marijuana coming from Claimant Kalish's person and vehicle, and a narcotics detection canine subsequently alerted to areas in Claimant Kalish's vehicle where plastic bags containing the marijuana were found. (Doc. 1, ¶ 5).

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court has considered the complaint, and finds that it meets all of the requirements of

Supplemental Rule G.  The complaint is verified, states the grounds for subject matter jurisdiction, *in*

*rem* jurisdiction, and venue.  The complaint describes the property seized, the circumstances under

which it was seized, and the manner in which the seized property was packaged, with particularity.

It also describes the positive alert by the narcotics detection canine, and the initial statements of

Claimant Kalish. The complaint details facts sufficient to establish by a preponderance of the

evidence that the Defendant currency was furnished or intended to be furnished by any person in

exchange for controlled substance, that it constituted proceeds traceable to such an exchange, or that

was used or intended to be used to facilitate a violations of the laws governing controlled substances

within the meaning of 21 U.S.C. § 881(a)(6).

Based on the foregoing, the Court concludes that the claims alleged in the complaint are

sufficiently pled and meritorious, and are legally sufficient to state claims for forfeiture of the

Defendant currency.

**5.  Default judgment as sanction - legal standards.**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that sanctions may be imposed on a

party that fails to obey a court order to provide or permit discovery, which sanctions may include,

inter alia, "rendering a default judgment against the disobedient party."  As discussed above, Local

Rule 11-110 authorizes the imposition of "any and all sanctions authorized by statute or Rule or

within the inherent power of the Court" when a party disobeys a court order. The Ninth Circuit Court

of Appeals has noted that a dismissal or entry of default judgment as a sanction pursuant to

Fed.R.Civ.P. 37(b)(2) is similar to the dismissal of a case utilizing the Court's inherent powers, Rule

11-110, and that the two may be used interchangeably.  Adriana Int'l Corp. v. Thoeren, 913 F.2d

1406, 1412 n.4 (9th Cir. 1990) (citations omitted).

Although the court may, in its discretion, enter a default judgment against a party that defies

an order compelling discovery, the severity of this sanction renders it appropriate "only in extreme

circumstances[,] where the violation is due to willfulness, bad faith, or fault of the party."  Fair

Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002) (brackets added) (quotations and citations omitted); Davis v. Foster Farms Dairy, 2007 WL 1456143, *2 (E.D. Cal. May 16, 2007),[3] (quoting In Re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (internal quotations and citations omitted)).  In addition, when the court finds that the entry of a default judgment is warranted, it should address the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (internal quotations omitted); Lyddon v. Rocha-Albertson, 2006 WL 3091320, *3 (E.D. Cal. Oct. 27, 2006) (citing id.).

       **6.  Default judgment as sanction - analysis.**

       As discussed above, Claimant Kalish has continually refused to respond to Plaintiff's discovery  requests, even after this Court issued an order compelling him to do so. (Doc. 21).  (See Doc. 22-3, Decl. and Exhibits).  Claimant Kalish also has failed to respond to Plaintiff's motion to compel or its instant motion to strike and enter a default judgment.  (See Docs. 20, 25).  Under these circumstances, the Court concludes that Claimant Kalish has violated the Court's discovery order, and the violation is due to Claimant Kalish's willfulness, bad faith, and fault.

       In addition, the overall weight of the "five factors," identified in Computer Task Group, 346 F.3d at 1115, overwhelmingly support Plaintiff's request for the entry of a default judgment in its favor and against Claimant Kalish.  Kalish has not demonstrated informally that he had a legitimate claim to the Defendant currency, despite his repeated promise to do so in 2006.  (Doc. 22-3, Decl. ¶¶ 2- 4; exh. A, B).  Claimant Kalish has yet to respond to Plaintiff's formal discovery requests, first served in January 2007, and re-sent in March 2007.  (Id., Decl. ¶¶ 5, 7; Exh. C, D, E).  Nor did Kalish respond to Plaintiff's subsequent attempts to contact him.  (Id., Decl. ¶¶ 8, 9).  As of August

---

       [3] Magistrate Judge's Findings and Recommendation subsequently adopted by the United States District Judge.  See Davis v. Foster Dairy Farms, 2007 WL 1875957 (E.D. Cal. June 28, 2007).

23, 2007 – the date Plaintiff filed the instant motion – Claimant Kalish had not responded to Plaintiff's discovery requests.  (Id., ¶ 13).  Thus, as of the date of these Findings and Recommendations, it has been more than one year since Plaintiff formally served discovery on Claimant Kalish.  Further, Kalish is approximately six months late in complying with this Court's order compelling him to answer Plaintiff's discovery requests.  (Doc. 21).

In light of the foregoing, it is indisputable that Claimant Kalish's delay in providing discovery responses has (1) interfered with the Court's ability and need to manage its docket, (2) deprived the public of expeditiously resolving this action, and (3) prejudiced the Plaintiff.  Computer Task Group, 346 F.3d at 1115; see Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (holding that a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action).

With respect to the remaining factors that the Court must consider, lesser sanctions already have proved unavailing, as demonstrated by Claimant Kalish's failure to comply with the July 10, 2007, order compelling responses to discovery (Doc. 21), coupled with his apparent lack of interest in the court proceedings in this action (Docs. 19, 25).  Moreover, a Court's warning to a party that failure to obey a Court order will result in dismissal satisfies the "consideration of alternatives" or lesser sanctions requirements.  Ferdik v. Bonzelet 963 F.2d 1258, 1262 (9th Cir. 1992).  In the instant case, the Court's order granting Plaintiff's motion to compel specifically stated that:

**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING, WITHOUT LIMITATION, MONETARY SANCTIONS, AND/OR A RECOMMENDATION THAT ISSUE OR TERMINATING SANCTIONS BE IMPOSED AGAINST CLAIMANT MARC STEVEN KALISH.** (Id., p.7)

The four factors supporting the entry of a default judgment in Plaintiff's favor far outweigh the fifth factor – the public policy favoring disposition of cases on their merits.  Computer Task Group, 346 F.3d at 1115.  Moreover, given Claimant Kalish's failure to provide any discovery

responses, Plaintiff would be hard-pressed to prosecute the case on the merits.  The Court concludes that Plaintiff's request to enter a default judgment against Claimant Kalish is well-taken, and will recommend that it be granted.

**7.  Request for *in rem* judgment.**

To obtain an *in rem* judgment in a civil forfeiture action, Plaintiff must show that it is entitled to a judgment not only against all claimants and potential claimants, but also against the property to be forfeited, affecting the interests of all persons in the property. See Hanson v. Deckla, 357 U.S. 235, 246 n. 12, 78 S.Ct. 1228 (1958).

In this case, as discussed above, Plaintiff has provided proper notice and the claims alleged in the complaint are sufficiently pled and meritorious and are legally sufficient to state a claim for forfeiture of the Defendant currency. It appears that no claimant or potential  claimant is an infant, incompetent, or a member of the military services.  (Doc. 32-2, ¶ 4).  More than 30 days have passed since the dates that each known potential claimant was given notice of this action, and since the publication was completed.   No one other than Claimant Kalish and Living Tree Company has claimed an interest in the Defendant currency, and the Court has recommended that the answers of Claimant Kalish and Living Tree Company be stricken.

There are no apparent risks  of mistake or excusable neglect by anyone with an interest or a potential interest in the defendant currency or of a dispute as to a material fact essential to Plaintiff's claims in this action.  There is no just cause for delay. There is no reason why the general policy in favor of a decision on the merits would warrant refusing to enter the default judgments requested. Plaintiff  has shown that it is entitled to a default judgment of forfeiture with respect to the Defendant currency, and that it is entitled to judgment not only against the interests of Claimant Kalish and Living Tree Company, but also against the interests of all persons in the Defendant currency.

## <u>RECOMMENDATIONS</u>

Accordingly, the Court recommends that:

14

1

2

3    1.  Plaintiff United States of America's motions to strike the answer of Claimants Marc

Steven Kalish and Living Tree Company, Inc., BE GRANTED (Docs. 22, 32);

4

5    2.  The Clerk of the Court BE DIRECTED to strike the answer of Claimants Marc Steven

Kalish and Living Tree Company, Inc., filed February 17, 2005 (Doc. 8 );

6

7    4.  Plaintiff's motions for default judgments against Claimants Marc Steven Kalish and

Living Tree Company, Inc., BE GRANTED (Docs. 22, 23);

8

9    5.  Plaintiff is ENTITLED TO, and the Clerk of the Court BE DIRECTED TO ENTER, a

judgment that condemns and forfeits the interests of all claimants and potential claimants, including

10

11   Claimants Marc Steven Kalish and Living Tree Company, Inc., in the Defendant currency to the

United States of America pursuant to 21 U.S.C. § 881 (a)(6), and which recognizes that all persons

12

13   claiming any right, title, or interest in or to the Defendant currency have DEFAULTED and no

longer have any right, title, or interest in the Defendant currency whatsoever; and

14

15   6. The Clerk of Court ENTER final judgment of forfeiture for Plaintiff United States of

America.

16

17   These Findings and Recommendations are submitted to the United States District Judge

assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

18

19   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

fifteen (15) days after being served with these Findings and Recommendations, any party or claimant

20

21   may file written objections with this Court and serve them on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff will have

22

23   ten (10) days after any objection is filed, to file its "Reply to Objections of Magistrate Judge's

Findings and Recommendations."  The District Judge then will review the Magistrate Judge's ruling

24

25   pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

26   ///

27   ///

28

15

1
2
3          The parties are advised that failure to file objections within the specified time may waive
4    their right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5
6          IT IS SO ORDERED.
7
8          Dated:   **January 17, 2008**                              **/s/ Theresa A. Goldner**
9          _____                                        UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

16